UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DALE ALLEN FISHER,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:19-cv-00355-MMD-CBC

ORDER

**I.　SUMMARY**

*Pro se* Petitioner Dale Allen Fisher is an incarcerated person in Nevada who filed this is habeas corpus proceeding under 28 U.S.C. § 2254. Currently before the Court is Petitioner's Response (ECF No. 5) to the Court's Order to Show Cause (ECF No. 3) as well as his Motion to Exceed Page Limit (ECF No. 1-2), Motion for Appointment of Counsel (ECF No. 1-3) and Motion to Take Judicial Notice (ECF No. 1-4). For the reasons discussed below, the Court dismisses his Petition for Writ of Habeas Corpus (ECF No. 1-1) with prejudice as untimely and denies the remaining motions.

**II.　BACKGROUND**[1]

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("State Court"). *State of Nevada v. Fisher*, Case No. C-13-291576-1. In August 2013, Petitioner entered a guilty plea to two counts of attempted lewdness with a minor. (ECF No. 1-1 at 2.) On December 19, 2013, the State Court entered a judgment of conviction sentencing Petitioner to two consecutive sentences of

---

[1]This procedural history is derived from the exhibits located at ECF Nos. 1-1 and 5 of the Court's docket as well as the public docket records of the Eighth Judicial District Court and Nevada Supreme Court. This Court takes judicial notice of the proceedings in Petitioner's criminal and post-conviction matters in the Nevada courts. The Eighth Judicial District Court and Nevada Supreme Court's docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do (last visited October 10, 2019).

96–240 months. (*Id.*) Petitioner appealed. On September 19, 2014, the Nevada Supreme Court affirmed Petitioner's convictions on direct appeal, and a remittitur issued the following month.[2] (*Id.* at 48-52.)

Petitioner filed a counseled motion to correct illegal sentence ("Collateral Motion") on February 11, 2015. The State Court held a hearing in August 2015, and then entered an order denying the Collateral Motion. (*Id.* at 54-55.) Petitioner appealed. The Nevada Supreme Court affirmed the State Court's ruling in November 2016, and a remittitur issued on December 14, 2016. (*Id.* at 57-60.)

On November 7, 2017, Petitioner filed a *pro se* state petition for writ of habeas corpus ("State Petition"). (*Id.* at 64.) The State Court denied the State Petition as time-barred in March 2018. (*Id.* at 63–83.) Petitioner appealed. The Nevada Court of Appeals affirmed the denial of relief in March 2019, and a remittitur issued the following month. (*Id.* at 88-91.)

On June 19, 2019, Petitioner initiated this federal habeas proceeding *pro se*. (*See id.* at 40.) The Court issued an order to show cause why his petition should not be dismissed as untimely. (ECF No. 3.) Petitioner was informed that his conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court, on December 18, 2014. (*Id.* at 2.) The following day, the one-year federal statute of limitations began to run as set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). The limitations period was tolled during the pendency of Petitioner's Collateral Motion, from February 11, 2015, until December 14, 2016.[3] (*Id.*) Before the Collateral Motion was filed, 54 days of the 365-day limitations

---

[2]There is no indication that Petitioner filed a petition for writ of certiorari with the United States Supreme Court, and the state court docket does not reflect entry of any intervening judgment of conviction.

[3]A motion to correct or vacate an illegal sentence in Nevada constitutes a "properly filed" application for collateral relief and results in statutory tolling when it challenges the same judgment as the judgment the federal petition challenges. *E.g., Tillema v. Long*, 253 F.3d 494, 499 (9th Cir. 2001) (citing *Artuz v. Bennet*, 531 U.S. 4, 8 (2000)).

period elapsed. (*Id.*) The limitations period started again on December 15, 2016, with 311 days remaining to file a federal petition.[4] (*Id.*) The Court therefore stated, absent equitable tolling or delayed accrual, Petitioner's tolled limitation period expired on October 23, 2017.[5] (*Id.* at 3.)

In addition, the Court informed Petitioner that his State Petition, filed November 7, 2017, could not have tolled the AEDPA limitation period because it was filed two weeks after the deadline expired. (*Id.* (citing *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001)); *see also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). And even if the State Petition was filed before October 23, 2017, it would not have further tolled AEDPA's limitation period because the State Court found the petition untimely and denied it as such.[6] (ECF No. 3 at 3 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (an untimely state petition is not "properly filed" and thus does not toll AEDPA's statute of limitations).)

Given these facts, the Court ordered Petitioner to show cause in writing why this action should not be dismissed with prejudice as untimely. (*Id.* at 5.) He was further ordered to support any factual assertions in his response with competent evidence. (*Id.*)

In his response, Petitioner acknowledges that his federal claims are untimely but argues that equitable tolling is warranted based on the faulty advice he received from defense counsel. (ECF No. 5.)

///

///

---

[4]To determine whether a petition is timely, the court must determine "whether it was filed within the 1-year limitations period after all periods of tolling are subtracted from the count." *Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015). Using the stop-clock approach, "any period during which a properly filed application for state post-conviction relief is pending does not count toward the statute of limitations." *Id.* (citing 28 U.S.C. § 2244(d)(2); *Wood v. Milyard*, 566 U.S. 463, 469 & n.3 (2012)).

[5]Because the 365th day fell on the weekend, Petitioner had until the following Monday, October 23, 2017, to file his federal petition.

[6]The State Court held that the State Petition was time-barred pursuant to NRS 34.726(1): "Petitioner filed a direct appeal, and remittitur issued on October 21, 2014. Thus, Petitioner had until October 21, 2015, to file a post-conviction petition. The [state] petition was not filed until November 7, 2017." (ECF No. 1-1 at 67.)

## III. EQUITABLE TOLLING

### A. Legal Standard

AEDPA establishes a one-year period of limitations for federal habeas petitions filed by state prisoners under 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date the petitioner's state court conviction became final by the conclusion of direct appellate review. *Id.* § 2244(d)(1)(A). Statutory tolling occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. *Id.* § 2244(d)(2). However, an application for state post-conviction relief that violates the state statute of limitations is not "properly filed" for purposes of § 2244(d)(2). *Pace*, 544 U.S. at 412-16.

The Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). A petitioner "must show that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation omitted). Accordingly, he must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (untimeliness must be "caused by an external impediment and not by [petitioner's] own lack of diligence"). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation omitted).

///

The Ninth Circuit has "adopted the 'stop clock' approach to analyzing claims for equitable tolling," under which the "statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." *Luna*, 784 F.3d at 651 (citing *Gibbs v. Legrand*, 767 F.3d 879, 891-92 (9th Cir. 2014)). In the context of equitable tolling, the stop-clock approach operates the same as it would for statutory tolling: "[a]ny period during which both extraordinary circumstances and diligence are shown does not count toward the statute of limitations." *Id.*

"Equitable tolling may be warranted in instances of unprofessional attorney behavior; however, the AEDPA deadline will not be tolled for a garden variety claim of excusable attorney neglect or mistake." *Doe v. Busby*, 661 F.3d 1001, 1011-12 (9th Cir. 2011) (citing *Spitsyn v. Moore*, 345 F.3d 796, 800-02 (9th Cir. 2003)); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect."). The attorney misconduct must be "a *sufficiently egregious* misdeed like malfeasance or failing to fulfill a basic duty of client representation" to warrant equitable tolling. *Doe*, 661 F.3d at 1012 (citing *Spitsyn*, 345 F.3d at 801). "Attorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling to the § 2244(d)(1) limitation period." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (citing *Holland*, 560 U.S. at 650-53); *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir.2010); *Spitsyn*, 345 F.3d at 800; *Miranda*, 292 F.3d at 1068; *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001). "However, attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct standard can be a basis for applying equitable tolling. *Porter*, 620 F.3d at 959 (citing *Spitsyn*, 345 F.3d at 801).

**B.     Analysis**

Petitioner argues that equitable tolling is warranted based on the faulty advice he received from his counsel, David Westbrook. (ECF No. 5.) Westbrook represented

Petitioner during his criminal case, direct appeal, and the motion to correct illegal sentence. Petitioner argues that Westbrook erroneously advised him on two issues: (1) the one-year state statute of limitations clock was running while Petitioner's Collateral Motion was pending, and (2) a collateral motion was not the proper procedural vehicle to raise his separation of powers challenge.

First, Westbrook purportedly told Petitioner to wait to file a state petition until after the Collateral Motion was resolved, and if that motion and following appeal was unsuccessful, Petitioner would have one year to file a State Petition. (*Id.* at 5.) In other words, by filing the Collateral Motion, Petitioner's one-year clock would not start running. (*Id.* at 3.) Petitioner concedes that Nevada law does not permit tolling for a collateral motion; however, he claims he is entitled to equitable tolling since Westbrook advised him exactly the opposite. Following Westbrook's advice, Petitioner filed a state petition within one year of the Nevada Supreme Court affirming the denial of the Collateral Motion.

Second, Petitioner argues that Westbrook pursued the wrong procedural vehicle for his primary argument—that NRS §§ 176A.110 and 176.139 are unconstitutional as they improperly delegate judicial power and violate separation of powers. (*Id.* at 5.) Because this argument was presented in a collateral motion, Petitioner claims the State Court and Nevada Supreme Court would not consider the argument. A state petition was the appropriate vehicle, Petitioner asserts, but Westbrook's ineffective advice on the state statute of limitations prejudiced him by preventing him from filing a timely state petition.

Here, Petitioner has not demonstrated that Westbrook's erroneous advice was an extraordinary circumstance or an external impediment to filing a federal habeas petition. Even taking Petitioner's allegations as true, Westbrook's failure to correctly advise him regarding a filing deadline amounts to ordinary attorney negligence, which is not an *extraordinary* circumstance that warrants equitable tolling. *See Frye*, 273 F.3d at 1146 ("We conclude that the miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling."); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (AEDPA

statute of limitations not equitably tolled by lawyer's mistake resulting in missed deadline as such a mistake is not an extraordinary circumstance); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (rejecting equitable tolling for a lawyer's mistake resulting in a missed deadline).

More importantly, Petitioner alleges that Westbrook incorrectly advised him regarding the *state* statute of limitations and tolling for a collateral motion—not *AEDPA's* limitation period or statutory tolling. There is no allegation or evidence showing that Petitioner and Westbrook ever discussed federal habeas proceedings, much less AEDPA's limitation period and statutory tolling provision, which stops the federal clock while a "properly filed" state petition is pending. *See* 28 U.S.C. § 2244(d)(2). Additionally, Westbrook had no duty to discuss federal habeas procedures with Petitioner since Westbrook was not appointed for that purpose. Because Westbrook did not advise Petitioner on the statute of limitations for *federal* habeas proceedings, there is no causal relationship between counsel's alleged mistake on the state statute of limitations and the lateness of his federal petition. Petitioner's contentions do not provide grounds for equitable tolling.

In sum, Petitioner' response fails to demonstrate that extraordinary circumstances stood in his way and prevented a timely federal filing. Nor has he demonstrated that further factual development adding further detail may potentially lead to a different conclusion. He was instructed to address the circumstances that stood in the way of and prevented him from filing a timely *federal petition*. None of the circumstances he relies upon regarding the untimeliness of his *State Petition* stood in the way of his timely filing a *federal* petition, and he does not argue as much. Petitioner has asserted no other basis for equitable tolling or delayed accrual, and none otherwise being apparent on the record, the federal petition is untimely and must be dismissed.

///

///

///

**IT IS THEREFORE ORDERED:**

It is therefore ordered that Petitioner Dale Allen Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1-1) is dismissed with prejudice as time-barred.

It is further ordered that a certificate of appealability is denied because reasonable jurists would not find the Court's dismissal of the petition as time-barred to be debatable or wrong.

It is further ordered that Petitioner's Motion to Exceed Page Limit (ECF No. 1-2), Motion for Appointment of Counsel (ECF No. 1-3), and Motion to Take Judicial Notice (ECF No. 1-4) are denied.

It is further ordered that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action with prejudice, and close this case.

DATED THIS 21st day of October 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE