UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DALE ALLEN FISHER,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:19-cv-00355-MMD-CBC

ORDER

This habeas matter is before the Court on Petitioner Dale Allen Fisher's Motion for Reconsideration (the "Motion") (ECF No. 8). For the reasons discussed below, the Court will deny the Motion.

Petitioner commenced this proceeding by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition challenged a conviction and sentence imposed by the Eighth Judicial District Court for Clark County in December 2013. *State of Nevada v. Fisher*, Case No. C-13-291576-1. The Court issued an order to show cause why his Petition should not be dismissed as untimely. (ECF No. 3.) Petitioner conceded his federal claims were untimely but should be equitably tolled, based on the faulty advice he received from defense counsel. (ECF No. 5.) On October 21, 2019, the Court dismissed the Petition with prejudice as untimely and denied the remaining motions. (ECF No. 6.) Petitioner filed his current motion less than two weeks later.

Rule 59(e) of the Federal Rules of Civil Procedure states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A post-judgment motion for reconsideration in a habeas proceeding, filed within 28 days of entry of the judgment, is properly construed as a motion to alter or amend the judgment under Rule 59(e). *Rishor v. Ferguson*, 822 F.3d 482, 489-90 (9th Cir. 2016) (citation omitted).

Here, Petitioner filed his motion for reconsideration on November 4, 2019. Because it was filed 14 days after entry of the judgment on October 21, 2019, the Court treats the request as a motion to alter or amend judgment under Rule 59(e).

As the Ninth Circuit has recognized, "a Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quotation omitted). Absent highly unusual circumstances, reconsideration under Rule 59(e) is "available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor*, 822 F.3d at 491-92; *see also Wood*, 759 F.3d at 1121 (citing *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).

"A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *W. Shoshone Nat. Council v. United States*, 408 F. Supp. 2d 1040, 1053 (D. Nev. 2005). The fact that a litigant disagrees with the court's decision, but fails to present a legitimate basis for the court to reconsider its decision, will not entitle the litigant to relief. *E.g.*, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion to reconsider in which plaintiff presented no arguments that were not already raised in his original motion).

Nothing in the Motion convinces the Court that it clearly erred in dismissing this action as untimely. Petitioner contends that the Court overlooked parts of his arguments for equitable tolling. (ECF No. 8 at 4-5.) To the contrary, the Court thoroughly considered all of Petitioner's arguments in its prior ruling, but it is not required to address each argument a petitioner raises. The Court's order sufficiently explains why the Petition was dismissed as untimely and why Petitioner failed to meet his burden of showing an entitlement to equitable tolling. The motion for reconsideration does not cite—let alone

///

attempt to comply with—the applicable legal standard. Petitioner has not stated a meritorious reason to reconsider prior rulings and alter the judgment in this case.

Accordingly, Petitioner Dale Allen Fisher's Motion for Reconsideration (ECF No. 8) is denied.

DATED THIS 24th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE